FROST et al. v. LAWRENCE.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

ATTORNEY AND CLIENT (§ 167*)—COMPENSATION OF ATTORNEY—ACTION—INSTRUCTIONS.

Where, in an action by a firm of attorneys for legal services, the issue was whether the services were rendered under an agreement that no charge should be made therefor, and the evidence showed the existence of intimate social relations between the client and the member of the firm with whom the agreement was claimed to have been made, and the court charged that the existence of social relations between a client and an attorney does not prevent the attorney from charging reasonable compensation for services rendered the client, etc., the refusal to charge that, in determining whether the agreement provided for the services without compensation, the jury should consider the social relations existing between the parties, was erroneous because leading the jury to understand that they could not consider such relations in determining whether the agreement was made.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 375; Dec. Dig. § 167.*]

Appeal from Trial Term, New York County.

Action by Elihu B. Frost and another against Lee Gwynn Lawrence. From a judgment for plaintiffs and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

Wales F. Severance, for appellant.
Ernest Hall, for respondents.

PER CURIAM. Action by attorneys to recover the value of legal services alleged to have been rendered to the defendant and also for money loaned. The defense principally relied upon was that the services were rendered under an agreement that no charge was to be made therefor, and that the moneys paid, and claimed as a loan, actually belonged to her. The issues thus raised between the parties were sharply contested at the trial—much evidence being given on either side—from which it was concededly made to appear that, immediately preceding and during the time the services were rendered and the money paid, very intimate social relations existed between one of the plaintiffs, with whom it is claimed the agreement was made, and the defendant. The court, referring to such relations, instructed the jury that they had nothing to do with the real question in the case; that, "though social relations or relations of friendship exist between a client and a lawyer, they, of themselves, will not prevent the lawyer from charging and recovering a fair and reasonable compensation for services which he renders to the client. The relation of friendship is a separate and distinct one from the relationship of attorney and client. The law does not attempt to regulate the relation of friendship of either men or women. The relations between attorney and client are separate and distinct from those that may exist between friends and acquaintances. So that even the extension of hospitality on the part of the client to a gentleman who either at the time or afterwards renders legal services to the client is, of itself, no reason whatever why the lawyer should not recover for the services which he renders to the client." Defendant's counsel excepted to such instruction and requested the court to charge that:

"In determining the question of whether the agreement claimed by the defendant that said Johnson was to render professional services to her free of charge was really made, the jury may take into consideration the intimate social relations concededly existing between the parties."

This was refused and an exception taken.

In view of the main charge, we think the defendant was entitled to have the jury instructed as requested. The jury not only had a right, but it was its duty, to take into consideration, as bearing upon the probability of whether the agreement as claimed by the defendant was made, the very intimate social relations existing between the defendant and Johnson; the assistance which she rendered him before he was admitted to the bar and subsequently in getting him into the plaintiff's firm; also getting him business; and that he was frequently a guest at her house.. When the whole charge is considered, in connection with the refusal, the jury must have understood that they could not consider this relation in determining whether or not the agreement were made. For the error thus committed there must be

a new trial. We express no opinion as to whether any of these claims are barred by the statute of limitations.

Judgment and order appealed from reversed, and a new trial ordered, with costs to appellant to abide event.

